UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-23883

ISABEL FERNANDEZ,

     Plaintiff,

vs.

ALLAN INDUSTRIES, INC.,

     Defendant.

_____/

## **COMPLAINT**

     COMES NOW, Plaintiff, Isabel Fernandez, sues Defendant, Allan Industries, Inc. based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Isabel Fernandez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of the Defendant, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, Allan Industries, Inc.,** is a *sui juris* New Jersey ForProfit Corporation that maintains an office in Miami-Dade County and regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was Plaintiff's FLSA employer for Plaintiff's respective period of employment ("the relevant time period"). The Defendant ran the day-to-day operations for the relevant time period, was responsible for paying Plaintiff's wages for the relevant time period, controlled Plaintiff's work and schedule, and was therefore Plaintiff's "employer" as defined by 29 U.S.C 203 (d).

1

3.  Defendant employed Plaintiff.

4.  This Court has jurisdiction over Plaintiff's FLSA Claims.

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

***Background Facts***

6.  Plaintiff worked for Defendant as a Janitor, from on or about August 19, 2019, through on or about September 8, 2019.

7.  From approximately August 19, 2019, through on or about September 8, 2019, Defendant required that plaintiff work at the employer's customers' locations.

8.  To the extent that records exist regarding the exact dates of Plaintiff's employment, and of the times she worked each work day, such records are in the exclusive custody of Defendant.

9.  Plaintiff was a Janitor and his duties included dusting, sweeping, vacuuming, mopping, restroom cleaning, office cleaning, and trash removal, etc.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

11. Both the Defendant's business and the Plaintiff's work affects interstate commerce for the relevant time period.

12. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods included, were not limited to office cleaning supplies, were produced outside of the country, that plaintiff used on a constant and/or continual basis

2

and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

13. Plaintiff's work for the Defendant was actually in and/or closely related to the movement of commerce while Plaintiff worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

14. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as medical equipment, computers, printers and fact and copy machines, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2016, 2017, and 2018.

16. Upon information and belief, the Defendant's gross sales or business is expected to exceed $500,000 for the year 2019.

17. Defendant agreed to pay Plaintiff at an hourly rate of $9.00 per hour.

18. From approximately August 29, 2019, through September 8, 2019, Defendant required Plaintiff to continue working without pay, and even suggested to Plaintiff that she receives her income from her husband's overtime wages, as he was an employee of the Defendant at during the relevant time period.

19. From approximately August 29, 2019, through September 8, 2019, Plaintiff was not paid for twenty (20) hours worked.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I. FLSA  MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-21 set forth fully herein and further alleges as follows:

22. Plaintiff claims she is owed for twenty (20) hours worked within the relevant time period as required by the Fair Labor Standards Act.

23. Defendant willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours worked from approximately August 29, 2019, through September 8, 2019, as required by the Fair Labor Standards Act.

24. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff minimum wage for hours worked from approximately August 29, 2019, through September 8, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendant were not required to pay Plaintiff minimum wage for hours worked from approximately August 29, 2019, through September 8, 2019, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff minimum wage pay earned from approximately August 29, 2019, through September 8, 2019.

25. Plaintiff is entitled to a back pay award of at least the applicable minimum wage for all hours worked from approximately August 29, 2019, through September 8, 2019, plus an equal amount as a penalty, plus attorneys' fees and costs.

WHEREFORE, Plaintiff, Isabel Fernandez, demands the entry of judgment in her favor and against the Defendant, Allan Industries, Inc., after trial by jury and as follows:

a.   That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216(b);

b.   That Plaintiff recover prejudgment interest if she is not awarded liquidated damages;

c.   That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;

d.   That Defendant be ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.   That Plaintiff recover all interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated this 17th day of September, 2019.

Respectfully submitted,

By: */s/ Gadiel A. Espinoza, Esq.*
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831
**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.     (786) 650-0202
Fax.     (786) 650-0200
Email: gadiel@PereGonza.com
Email: office@peregonza.com
Attorneys for Plaintiff